UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILLIAM E. LAND, | ) | CASE NO. 3:09 CV 1716 |
| Petitioner, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) | |
| WARDEN, | ) ) | <u>MEMORANDUM OF OPINION</u> <u>AND ORDER</u> |
| Respondent. | ) ) | |

On July 24, 2009, petitioner <u>pro se</u> William E. Land filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Land is incarcerated in an Ohio penal institution, having been sentenced in February 2007, for rape and gross sexual imposition, pursuant to a guilty plea. For the reasons stated below, the petition is denied and this action is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254. Finally, persons in custody pursuant to a state court judgment must file any federal habeas petition within one year of the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

It is evident on the face of the petition that Land exhausted all available remedies well over one year prior to the date he filed this action. [1]  Further, none of the other circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no suggestion of any other basis for tolling the one year statute of limitations.  Therefore, the petition must be dismissed as time-barred.

Accordingly, the request to proceed in forma pauperis is granted; and this action is dismissed pursuant to Rule 4 of the

---

[1] The petition indicates the last state court decision concerning Land's convictions was a December 26, 2007 denial of review by the Ohio Supreme Court.

Rules Governing Section 2254 Cases.[2]  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

    IT IS SO ORDERED.

    S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

October 14, 2009

---

[2] This court is aware of Day v. McDonough, 547 U.S. 198, 210 (2006), but does not interpret the "notice to be heard" requirement in that case as applying at the Rule 4 of the Rules Governing Section 2254 Cases screening stage of the case, when the petition is patently untimely.